IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEROLD S. RAWSON, on behalf of )
himself and others similarly )
situated, )
 )
      Plaintiff, )
 ) No. 11 C 8972
  v. )
 )
SOURCE RECEIVABLES MANAGEMENT, LLC, )
RESURGENT CAPITAL SERVICES, L.P., )
ALEGIS GROUP LLC, and LVNV FUNDING )
LLC, )

      Defendants.

## MEMORANDUM OPINION AND ORDER

On May 22, 2012, plaintiff Jerold S. Rawson filed his corrected third amended class-action complaint ("operative complaint" or "complaint") against defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), and 1692e(10). Defendants have moved to dismiss count II of plaintiff's two-count complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.[1] For the following reasons, defendants' motion is denied.[2]

According to the operative complaint, defendant Source Receivables Management, LLC ("Source") sent a dunning letter to plaintiff Rawson on or about November 3, 2011. The letter listed the client as Resurgent Capital Services LP ("Resurgent") but does not indicate who the original creditor was and does not otherwise include any information about the original debt. The letter simply shows a "current balance" of $11,426.29. The letter, attached to plaintiff's complaint, further stated the following:

> RESURGENT CAPITAL SERVICES LP has placed your account with Source Receivables Management to recover the above referenced Amount Due. To avoid further collection efforts, please contact us at the number listed below to make arrangements for payment or remit the balance of the

---

[1] Defendants have also requested leave to answer or otherwise plead in response to count I of plaintiff's complaint after a ruling on the present motion. Defendant's unopposed request is granted. A partial 12(b) motion automatically extends a party's time to answer. *See Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N.D. Ill. 1997). Defendants are ordered to answer or otherwise plead in response to count I within 14 days.

[2] Plaintiff has moved to respond to arguments raised by defendants in their reply. Because I do not address defendants' argument based on *Altria Group, Inc. v. Good*, 555 U.S. 70 (2008), this motion is denied as moot.

Amount Due to the address provided on the remittance coupon below.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

. . .

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to the amount due.

3

Source sent the dunning letter on behalf of Resurgent and LVNV Funding, LLC ("LVNV") relating to a debt that LVNV charged off on May 17, 2000. Plaintiff Rawson believes that the underlying debt is a credit card debt. Because the statute of limitations on a credit card bill is five years in Illinois, Source was attempting to collect a debt that was time-barred. The dunning letter does not disclose that the debt is beyond the statute of limitations. Plaintiff alleges that the letter Source sent to him was a form letter also sent to class members.

Count II of the operative complaint alleges that the letter sent by defendants constituted unfair and deceptive acts and practices in violation of the FDCPA. Plaintiff claims that the letter misrepresented the legal status of the his debt in violation of 15 U.S.C. § 1692e and various of its subsections. Plaintiff also claims that defendants engaged in unfair practices in violation of 15 U.S.C. § 1692f. Specifically, plaintiff has stated in response to my August 8, 2012, order, that he claims that (1) defendants violated the FDCPA by failing to disclose that the debt was time-barred and that defendants could not sue on the time-barred debt and (2) the dunning letter represented or implied that the debt is legally enforceable when it is not.

To the extent that plaintiff claims that the dunning letter implies that the debt is legally enforceable when it is, in fact, barred by the statute of limitations, I conclude that plaintiff

has stated a claim. None of the cases cited by defendants presents facts similar to those alleged here. Defendants cite two cases from this district, but neither of the letters at issue in those cases contained language comparable to that in the dunning letter here. *Murray v. CCB Credit Services, Inc.*, No. 04 C 7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, at 616 (N.D. Ill. 2001). The letter defendants sent to plaintiff threatened "further collection efforts" and encouraged him to contact Source "to make arrangements for payment." Such statements could arguably lead an unsophisticated debtor to believe that the debt is legally enforceable. S*ee Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (examining collection letters alleged to have violated 15 U.S.C. §§ 1692e, 1692f, and 1692g "from the standpoint of the so-called unsophisticated consumer or debtor"). Further, *Walker* distinguished *Stepney v. Outsourcing Solutions, Inc.*, No. 97 C 5288, 1997 WL 722972 (N.D. Ill. Nov. 13, 1997), a case involving strikingly similar language to that at issue here. In *Stepney*, the district court denied the defendants' motion to dismiss based on the "defendant's knowing attempt to collect time-barred debts with threats of 'further collection action.'" *Id.* at *5. As the *Walker* court stated, in distinguishing *Stepney,* such language "represents a thinly-veiled threat of future litigation." 200 F.R.D. at 616.

5

The Eighth Circuit in *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001), disagreed with *Stepney*, but *Freyermuth* is distinguishable for at least two reasons. First, that case was decided on summary judgment and the plaintiff had raised the claim that the defendant's attempt to collect an allegedly time-barred debt violated the FDCPA for the first time in response to the defendant's motion for summary judgment. Also, in rejecting the reasoning of *Stepney*, the Eighth Circuit adopted a standard requiring an "express threat of litigation," 248 F.3d at 771. No court in this district has taken a similar stance. In fact, most courts have required only allegations, and later a showing, that the collection agency "*explicitly or implicitly* threaten litigation." *See, e.g., Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 33 (3d Cir. 2011) (emphasis added); *Walker*, 200 F.R.D. at 616.

For the foregoing reasons, defendants' motion to dismiss is denied.

**ENTER ORDER:**

_____
   **Elaine E. Bucklo**
   United States District Judge

Dated: September 4, 2012